UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:06-CV-96

MICHAEL GENE HATFIELD and
MELONY TEAL HATFIELD                                                    PLAINTIFFS
V.

LITTLE STURGIS RALLY AND RACES
FOR CHARITY, INC.; UNION COUNTY FAIR,
INC.; STURGIS CHAMBER OF COMMERCE
FOUNDATION, INC.; KIWANIS CLUB OF
STURGIS, KENTUCKY; KENNETH LANCASTER;
UNKNOWN MOTORCYCLE OPERATOR; STATE
FARM MUTUAL AUTOMOBILE COMPANY,
INC.; and TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by Defendants Little Sturgis Rally and Races for Charity, Inc., Union County Fair, Inc., Sturgis Chamber of Commerce Foundation, Inc., and Kiwanis Club of Sturgis, Kentucky. (DN 38). Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' motion for summary judgment is **DENIED**.

### I. FACTS

This is an action for personal injury. The injury allegedly occurred at an annual motorcycle event organized by the Defendant Little Sturgis Rally and Races for Charity, Inc. The event, which is held in Sturgis, Kentucky, at the Union County Fairgrounds, lasts for several days and includes competitive motorcycle events, motorcycle shows, and vendors. The Union County Fair, Inc., Sturgis Chamber of Commerce, and the Kiwanis Club of Sturgis are co-sponsors of the event.

Plaintiffs Michael and Melony Hatfield attended this event in 2005 and spent three days at the rally. As a condition of permission to enter the event, the Plaintiffs signed a liability release

form. The release form stated:

> *I will not hold anyone or any organization associated with the Little Sturgis Rally and Races for Charity, Inc. responsible for any damages or bodily harm that may occur while at the rally. I understand that I can be removed from the rally without restitution upon the request of any committee or staff member. I am eighteen years of age or older and have read, understand, and agree to the above.*

(DN 38, Attach. 1).

While at the rally, Michael Hatfield was struck by a motorcycle from behind as he stood watching passing motorcyclists. As a result of this accident, Mr. Hatfield sustained a broken ankle. Mr. Hatfield believes the accident occurred because the motorcycle operator lost control of his motorcycle while attempting to perform a "burn-out," in which the front-wheel brake is applied at the same time as the throttle, causing the rear wheel to spin in place and create smoke.

The Plaintiffs argue that the Defendants were negligent in permitting rally attendees to perform burnouts in close proximity to other guests.[1] The Defendants argue that the release signed by the Plaintiffs bars their pursuit of this action.

## II. ANALYSIS

The Kentucky Supreme Court considered the extent to which a release form could exculpate a party from liability for negligence in <u>Hargis v. Baize</u>. 168 S.W.3d 36 (Ky. 2005). In <u>Hargis</u>, an independent contractor was killed when a log rolled off a trailer and struck him. His widow sued the owner of the lumberyard where the accident occurred, Allen Baize, for negligence. Baize argued that a release form signed by the deceased exculpated him from any liability for damages caused by Baize's own negligence. The release signed by the deceased provided:

---

[1] The Plaintiffs also named the motorcycle owner, the unidentified operator, and two insurance carriers as parties to this action but have since settled with said parties so that only the claims against the moving Defendants remain.

2

> RELEASE
>
> *It is hereby agreed and acknowledged that I am a self-employed independent contractor. Therefore, I am not required to carry Worker's compensation according to Kentucky Law. I accept responsibility for my own property and person and release ALLEN BAIZE, d/b/a GREENVILLE LOG & LUMBER CO., BAIZE FOREST PRODUCTS, INC., GRAPEVINE LUMBER CO., A R LUMBER CO., AND JORDAN LOGGING, INC., and forever hold him harmless for any property damage/bodily injury sustained by me or any other person I authorize to be on the working premises while performing services for said contractor. I agree that my relationship with him will be strictly as a subcontractor and not an employee, which makes me ineligible for any employee benefits under said contractor's insurance programs or state requirements.*

168 S.W. 3d at 46-47.

The Kentucky Supreme Court held that this release did not exculpate Baize from liability for the death because "the Release does not explicitly purport to release Baize from liability for his own negligence and does not identify the type of injury or damage for which liability is being released..." Id. at 47. In so holding, the court reiterated that although exculpatory contracts for exemption from future liability for negligence are not invalid per se, "such contracts are disfavored and are strictly construed against the parties relying upon them." Id. It further stated that the wording of a release must be "so clear and understandable that an ordinarily prudent and knowledgeable party to it will know what he or she is contracting away; it must be unmistakable." Id. (quoting 57A Am.Jur.2d, Negligence § 52) (2004)). Specifically, the court held that a pre-injury release will be upheld only if:

> (1) it explicitly expresses an intention to exonerate by using the word "negligence;" or
>
> (2) it clearly and specifically indicates an intent to release a party from liability for a personal injury caused by that party's own conduct; or
>
> (3) protection against negligence is the only reasonable construction of the contract language; or

(4) the hazard experienced was clearly within the contemplation of the provision.

Id. (citing 57A Am.Jur.2d, Negligence § 53 (2004). The Supreme Court concluded that the release signed by Hargis satisfied none of these alternatives. Id.

Here, the Court can identify no meaningful distinction between the release signed by the Plaintiffs here and the release signed in Hargis. The release signed here does not mention the word "negligence" and does not explicitly release the Defendants from liability for personal injuries caused by their own conduct. Further, the protection of the Defendants from their own acts of negligence is not the only reasonable construction of the contract language since the language could reasonably be construed to only release the Defendants from vicarious liability for damages. And, finally, the release signed here is no more specific than the release signed in Hargis as to the negligence for which liability is to be avoided. Thus, the Court concludes that the release here does not exculpate the Defendants from liability for the Plaintiffs' injuries.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment is **DENIED**.

cc: Counsel of Record

4